NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

AUG 9 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| In re: STUBHUB REFUND LITIGATION, _____ JASON ALCARAZ; et al.,         Plaintiffs-Appellees, v. STUBHUB, INC.,         Defendant-Appellant, and LAST MINUTE TRANSACTION, INC.,         Defendant. | No. 22-15879 D.C. No. 4:20-md-02951-HSG MEMORANDUM* |

Appeal from the United States District Court
for the Northern District of California
Haywood S. Gilliam, Jr., District Judge, Presiding

Argued and Submitted July 19, 2023
San Francisco, California

Before: SILER,** WARDLAW, and M. SMITH, Circuit Judges.

---

     \*     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

     \*\*     The Honorable Eugene E. Siler, United States Circuit Judge for the U.S. Court of Appeals for the Sixth Circuit, sitting by designation.

Plaintiff consumers, a class of fifty-six named individuals, sued StubHub, Inc., for alleged violation of its "FanProtect™ Guarantee" by failing to provide its consumers with a full refund instead of a credit for tickets purchased for events canceled due to the COVID-19 pandemic. The district court compelled a subset of forty-eight Plaintiffs (those who purchased tickets from StubHub's website) to arbitration; however, the district court denied the motion to compel as to eight Plaintiffs (those who purchased tickets on StubHub's mobile application) ("Mobile Application Plaintiffs").[1] StubHub appeals the district court's May 13, 2022 Order denying StubHub's renewed motion to compel arbitration as to the Mobile Application Plaintiffs. We have jurisdiction under 9 U.S.C. § 16(a)(1)(C), and we affirm in part and reverse and remand in part.

1. We lack jurisdiction to address the district court's denial of StubHub's motion to compel Plaintiffs' California statutory claims to arbitration under *McGill v. Citibank, N.A.*, 2 Cal. 5th 945 (2017). The district court decided this issue in a November 22, 2021 Order, and clarified its decision in an April 6, 2022 Order. StubHub failed to appeal these orders. StubHub did timely appeal a third order—the May 2022 Order—which does not address or implicate the California statutory

---

[1] The claims of one Mobile Application Plaintiff—William Mignault—have been dismissed by agreement of the parties. Therefore, there remain only seven Mobile Application Plaintiffs.

2

issues (except in a footnote to clarify that the issue was already addressed in a previous order). *See Johnson v. Dir., Off. of Workers' Comp. Programs*, 183 F.3d 1169, 1171 (9th Cir. 1999) (noting that we cannot "review an issue not raised [by the decision] below unless necessary to prevent manifest injustice" (citation omitted)).

2. The district court erred in part by finding that the Mobile Application Plaintiffs did not assent to the arbitration clause in the User Agreement.[2] StubHub alleges that the Mobile Application Plaintiffs assented to the User Agreement in one of two ways: (1) by signing into their accounts via StubHub's website; or (2) by registering via StubHub's mobile application.

The district court erred in denying the renewed motion to compel as to five Mobile Application Plaintiffs— David Dahl, Amanda Matlock, Reginald McDaniel, Jennifer Williams, and Benjamin Wutz—who signed into StubHub's website before purchasing tickets.

StubHub's website sign-in screen that these Plaintiffs viewed provided sufficient notice of their agreement to arbitrate any disputes. The sign-in screen contains hyperlinks in offset, bolded, underlined, and bright blue typeface, in close

---

[2] Contrary to Plaintiffs' contention, we have jurisdiction to consider this issue, as it was addressed in the district court's May 13, 2022 Order, which StubHub timely appealed. 28 U.S.C. § 2107(a); *see also Newirth by & through Newirth v. Aegis Senior Cmtys., LLC*, 931 F.3d 935, 939 (9th Cir. 2019), *abrogated on other grounds*, *Morgan v. Sundance, Inc.*, 142 S. Ct. 1708, 1713–14 (2022).

proximity to the sign-in button. In fact, the website sign-in screen is nearly identical to the website checkout screen that the district court found was sufficient to compel the other forty-eight Plaintiffs to arbitration. *See* Appendix A.

The fact that these Plaintiffs signed into StubHub's website days, or even months, prior to purchasing their tickets does not change our conclusion.[3] We have held that once an individual registers for an online service or account and assents to its broad terms, she is bound by those terms if she accesses the website at a later date, unless the terms or conditions have changed. *See Stover v. Experian Holdings, Inc.*, 978 F.3d 1082, 1086 (9th Cir. 2020) (holding that a user of Experian's credit monitoring service, who assented to Experian's 2014 terms of use, was bound by the 2014 terms when she accessed Experian's website in 2018).

3. The district court did not err in denying the motion to compel arbitration as to the Mobile Application Plaintiffs— Glaspey and Paul Koble—who registered on the Android application prior to purchasing tickets. To examine whether textual notice is sufficiently conspicuous to put an individual on notice under California law, courts evaluate factors including: (1) the size of the text; (2) the color of the text compared to the background; (3) the location of the text and its proximity to

---

[3] The district court did not err in denying StubHub's motion to compel arbitration as to Plaintiff Ernie Glaspey who signed into the website a few weeks ***after*** his ticket purchase. *See Knuston v. Sirius XM Radio Inc.*, 771 F.3d 559, 565–66 (9th Cir. 2014) (noting that well-settled principles of contract law require mutual assent at the time the contract is entered).

4

where the user clicks to consent; (4) the obviousness of an associated hyperlink; and (5) other elements on the screen which clutter or obscure the textual notice. *Sellers v. JustAnswer LLC*, 73 Cal. App. 5th 444, 473, *reh'g denied* (Jan. 18, 2022), *review denied* (Apr. 13, 2022).

Applying these factors here leads to the conclusion that the mobile registration screen Koble and Glaspey saw lacked several important features that would adequately provide notice of an arbitration clause. *See* Appendix A. The color of the relevant text is gray and does not stand out against the white background; it is not obvious to the user that the text is hyperlinked; and the bright pink sign-up button obscures the muted colors of the relevant text providing notice. *See, e.g., Berman v. Freedom Fin. Network, LLC*, 30 F.4th 849, 854, 56 (9th Cir. 2022) (holding that terms were inconspicuous where, *inter alia*, text in "gray font . . . rather than in blue"). While the hyperlinked text is bolded, it is not underlined, which generally indicates that the text is hyperlinked. This is distinct from the text of the website checkout and sign-in pages, in which the term "User Agreement" is underlined and in bright blue font to emphasize that it is hyperlinked. *See Nguyen v. Barnes & Noble Inc.*, 763 F.3d 1171, 1178 (9th Cir. 2014); *Oberstein v. Live Nation Ent., Inc.*, 60 F.4th 505, 516 (9th Cir. 2023) ("[C]rucially, the 'Terms of Use' hyperlink is conspicuously distinguished from the surrounding text in bright blue font."). Because the User Agreement on the Android registration screen

provided insufficient notice, the district court did not err in denying StubHub's motion to compel arbitration as to Koble's and Glaspey's claims.

Accordingly, we affirm in part, and reverse and remand in part. The parties shall bear their own costs.

**AFFIRMED IN PART. REVERSED AND REMANDED IN PART.**

# APPENDIX A

**Website Sign-In Screen**  **Website Checkout Screen**

 

**Mobile Application Registration Screen**

